**FIRST NATIONAL BANK
OF LOUISVILLE**

v.

**Loretta LUSTIG, et al.**

**Civ. A. No. 87–5488.**

United States District Court,
E.D. Louisiana.

March 22, 1994.

Barry W. Ashe, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, LA, Patrick M. Ardis, Mary L. Wolff, Wolff Ardis, Memphis, TN, William E. Brown, Mandeville, LA, for First Nat. Bank of Louisville.

Larry L. Simms, Gibson, Dunn & Crutcher, Washington, DC, Frederick F. Bott, Matt J. Farley, Allen F. Campbell, Ellis B. Murov, Duris L. Holmes, Deutsch, Kerrigan & Stiles, New Orleans, LA, John J. Swenson, Mary Lee Wegner, Gibson, Dunn & Crutcher, Los Angeles, CA, for The Aetna Cas. and Sur. Co. and Federal Ins. Co.

### ORDER AND REASONS

MENTZ, District Judge.

In First National Bank of Louisville's (FNBL) Memorandum Supporting Proposed Judgment Order, FNBL reurges its prior motions seeking a determination that:

(1) The applicable limit of liability is $25 million;

(2) FNBL is entitled to recover prejudgment interest on the amount of insurance coverage awarded by the jury; and

(3) FNBL is entitled to apply recoveries it collected on the underlying loans, net of expenses, first to the accrued interest on those loans before any part of such recoveries are applied to unpaid principal.

## Applicable Limit of Liability

■ The 1985 and 1987 bonds in this case each apply only to losses discovered during the respective bond periods, which do not overlap. FNBL discovered its loss during the 1985 bond period, rather than the 1987 bond period. Therefore, the defendants are liable under the 1985 bond, which contains a $20 million limit,[1] rather than the 1987 bond, which contains a $25 million limit.[2]

Section 8 of the 1987 bond provides for imposition of the higher $25 million limit where the insurer is liable under *both* the 1987 bond and a prior terminated, canceled, or expired bond on which the discovery period has not expired when the loss is discovered.[3] It clearly contemplates a situation where the insurer is liable under two bonds or policies. Because FNBL did not discover its loss during the 1987 bond period, the defendants are not liable under the 1987 bond, and Section 8 of that bond does not come into play. Accordingly, the applicable limit of liability in this case is the $20 million limit specified in the 1985 bond.

## Prejudgment Interest

■ Having been awarded $11,762,631 as lost income in the bad faith phase of the trial, which is the full amount of the lost income it sought as damages, FNBL is fully compensated for its loss of use of the policy proceeds, and is therefore not entitled to an award of prejudgment interest on the amount of insurance coverage awarded by the jury in the coverage phase of the trial.

1. *See* Item 3 of the Declarations in the 1985 bond.

2. *See* Item 3 of the Declarations contained in the 1987 bond.

3. Section 8 of the 1987 bond provides in pertinent part:

   LIMIT OF LIABILITY UNDER THIS BOND AND PRIOR INSURANCE
   Section 8. With respect to any loss set forth in sub-section (c) of Section 4 of this bond which is recoverable or recovered in whole or in part under any other bonds or policies issued by the Underwriter to the Insured or to any other predecessor in interest of the Insured and terminated or canceled or allowed to expire and in which the period for discovery

## Application of Recoveries Collected by FNBL on Underlying Loans

FNBL has recouped both principal and interest losses through various collection efforts on the underlying loans in this case. The Sureties have not paid FNBL on its claim under the bond. The question presented is whether the recoveries obtained by FNBL must be applied first to principal on the underlying loans to offset the Sureties liability under the bond, or whether they may be applied to accrued interest not covered under the bond.

■ By its terms, Section 7(c) of the 1985 bond does not apply to recoveries made by the Insured before payment of the loss. Section 7(c) provides in pertinent part:

   (c) Recoveries, whether effected by the Underwriter or by the Insured, shall be applied net of the expense of such recovery first to the satisfaction of the Insured's loss in excess of the *amount paid* under this bond....

The Comment to the 1969 version of the Annotated Bankers Blanket Bond reaches the same conclusion,[4] stating that the clause "does not apply to recoveries made by the Insured before payment of loss. Clearly, these recoveries serve to reduce the net loss of the Insured." Annotated Bankers Blanket Bond, Section 6, Comment at 161 (1969).

Even if Section 7(c) did apply, it provides that recoveries are applied to the insured's "loss" in excess of the amount paid under the bond. The Section does not require that the

has not expired at the time any such loss thereunder is discovered, the total liability of the Underwriter under this bond and under such other bonds or policies shall not exceed, in the aggregate, the amount carried hereunder on such loss or the amount available to the Insured under such other bonds or policies, as limited by the terms and conditions thereof, for any such loss if the latter be the larger.

4. That Comment applies to the 1985 bond at issue in this case. The 1985 bond is the 1980 version of the Standard Form No. 24 Bond, which provides for essentially the same sharing of recoveries as the 1969 version. Annotated Bankers Blanket Bond, Section 7, Comment at 54 (1980). The 1969 version of the bond provided for recoveries in Section 6 under the heading "Salvage."

**1324**

excess loss to which recoveries are applied must be a covered loss. *See* Annotated Bankers Blanket Bond, Section 6, Comment at 160 (1969) (After reimbursement for the expense of the recovery, "[t]he next priority is *any* loss the insured may have sustained in excess of the penalty plus the deductible.")

██ In prior rulings, the Court held that the potential income exclusion found at Section 2(t) of the 1985 bond prevented FNBL from applying recoveries on the underlying loans to accrued interest before applying the recoveries to offset the loss of principal covered by the bond. Section 2(t) provides:

### EXCLUSIONS

Section 2. This bond does not cover:

.        .        .        .        .

(t) potential income, including but not limited to interest and dividends, not realized by the Insured.

On reconsideration, the Court finds that the potential income exclusion is not determinative of the manner in which recoveries should be applied. Section 2(t) excludes coverage for interest "not realized." This means that the Sureties are not bound to pay the insured for a loss of income that is earned but unreceived. *See Bank of Huntingdon v. Smothers,* 626 S.W.2d 267 (Tenn. Ct.App. 1981). It does not mean that funds actually collected and received by the insured on the underlying loans cannot be applied first to offset an uncovered loss of accrued interest. Even if the potential income exclusion had some bearing on the question of how to apply recoveries, the exclusion would not apply to the funds recovered by FNBL because such income is both accrued and received, or "realized."

The recoveries obtained by FNBL were on legal obligations for principal and interest. Under Kentucky statutory law, "[p]artial payment on a debt bearing interest shall be applied first to the interest then due." Ky. Rev.Stat.Ann. § 360.020(2). Because there is no provision in the bond governing the application of recoveries obtained prior to payment by the Sureties, Kentucky statutory law applies, and the recoveries should first be applied net of expenses to accrued interest.

Accordingly,

IT IS ORDERED that:

(1) Plaintiff, FNBL's, Reurged Motion to Rehear and Reverse This Court's Prior Ruling Concerning the Policy Limit on FNBL's Recovery Under the 1985 Fidelity Bond Issued by Aetna/Federal is **DENIED;**

(2) Plaintiff, FNBL's, Reurged Motion to Vacate This Court's Prior Ruling Denying Prejudgment Interest is **DENIED;**

(3) Plaintiff, FNBL's, Reurged Motion to Rehear and Reverse This Court's Ruling Requiring the Application of Partial Net Recoveries First to Principal Rather Than to Earned But Unpaid Interest is **GRANTED;**

(4) The parties shall each submit one proposed judgment in accordance with the Court's rulings herein and shall include all claims resolved to date not later than **March 31, 1994;**

(5) The parties shall each submit a statement of the remaining claims in these consolidated lawsuits not later than **March 31, 1994.**